[No. A073467. First Dist., Div. Four. Jan. 27, 1997.]

SHIRLEY WILSON, Plaintiff and Respondent, v.
SAFEWAY STORES, INC., Defendant and Appellant.

**COUNSEL**

Dillingham & Murphy, William F. Murphy, Lucy E. Bettis and Thomas G. Martinchek for Defendant and Appellant.

Stephan C. Williams, David N. Bortin and Sandra K. Hansen for Plaintiff and Respondent.

## OPINION

**REARDON, J.**—In a civil trial, if a plaintiff rejects a defendant's settlement offer and later fails to obtain a more favorable judgment after trial, section 998 of the Code of Civil Procedure[1] prohibits the plaintiff from recovering attorney fees and costs and requires that he or she pay the defendant's costs from the time of the offer. To clarify what constitutes a "more favorable judgment," the Legislature recently amended the statute to provide that ". . . a plaintiff in a cause of action *not based on tort* shall not be deemed to have obtained a more favorable judgment unless the judgment obtained by the plaintiff, *exclusive of attorney's fees and costs*, exceeds the offer made by the defendant pursuant to this section." (§ 998, subd. (c), italics added.) In this case, defendant Safeway Stores, Inc., made a section 998 settlement offer that was greater than the jury's ultimate award of damages but less than the judgment if plaintiff Shirley Wilson's preoffer attorney fees and costs were included. The trial court included, or added to the award, the preoffer attorney fees and costs in determining that Wilson had obtained a "more favorable judgment." On this appeal, Safeway does not challenge the authority for an award of attorney fees (see Gov. Code, § 12965, subd. (b)), nor does it challenge the amount of the fees and costs incurred by Wilson. Safeway contends only that section 998, subdivision (c) prohibits including fees and costs in determining whether Wilson obtained a more favorable judgment.

We conclude that section 998, subdivision (c) does not exclude attorney fees and costs when a plaintiff's cause of action is "based on tort" and that an action for sexual harassment brought under the state Fair Employment and Housing Act (FEHA) qualifies as a tort cause of action for purposes of determining what constitutes a "more favorable judgment."

## I. FACTS

In May 1975, respondent Shirley Wilson was employed by appellant Safeway Stores, Inc., as a meat wrapper. From October 1979 through November 1993, Wilson worked in Safeway's Lafayette store. While she worked there, three men—a coworker and two managers—subjected Wilson to offensive verbal references to gender and unwelcome touching. She filed a formal complaint with Safeway management, requesting that two of these

---

[1]All statutory references are to the Code of Civil Procedure unless otherwise indicated.

men be removed from her work environment. Safeway told her that these employees would not be removed for some time, but that she would be reassigned instead. In October 1993, Wilson filed a written complaint with the Department of Fair Employment and Housing, charging sexual harassment. The department issued a "right to sue" letter.

In December 1993, Wilson brought action against Safeway, alleging sexual harassment at work. She sued under the FEHA, seeking injunctive relief and $500,000 for emotional distress for sexual and gender harassment, for failure to take reasonable steps to prevent the harassment, and for engaging in conduct that violates public policy. (See Gov. Code, § 12940, subd. (h)(1).)

Between March and November 1994, Safeway made several offers to Wilson to settle the case. In its final offer before trial, in February 1995, Safeway offered Wilson $100,000 in settlement of the case, with each party to bear its own attorney fees and no injunctive relief. Wilson rejected these offers and opted to take her case to trial.

In a May 1995 special verdict on the claims for damages,[2] the jury found for Wilson and awarded her $75,000 in damages for emotional distress. It found that Safeway employees had sexually harassed Wilson, thus creating a hostile work environment that would detrimentally affect a reasonable person in her position. It also concluded that Safeway failed to take all reasonable steps to prevent this harassment.

Wilson moved for an award of attorney fees, contending that she obtained a more favorable judgment than Safeway's section 998 offer because her preoffer attorney fees and costs when added to the award exceeded the offer. Safeway opposed the motion contending that section 998, subdivision (c) requires the amount of the judgment to be determined "exclusive of attorney's fees and costs"; that as so determined, it had obtained the more favorable judgment because its offer exceeded the award; and that it was, therefore, entitled to costs "from the time of the offer." (§ 998, subd. (c).)

The trial court considered the legislative history when deciding how to rule on the motions before it.[3] In its order granting Wilson attorney fees, the trial court reasoned that her FEHA claim for emotional distress damages was

---

[2]In October 1995, the trial court found no grounds to issue an injunction on Wilson's cause of action for injunctive relief.

[3]Safeway has also repeatedly asked this court to take judicial notice of the legislative history of amendments to section 998. We granted this request in part, agreeing to consider the Senate bills and the Senate Weekly History, but denied the request to take judicial notice of various committee reports and letters.

based on tort; that the restriction in section 998, subdivision (c) against adding fees and costs in determining the amount of the judgment did not apply to such an action; and that the judgment, when calculated by adding fees and costs to the award, exceeded Safeway's offer and was, therefore, "more favorable" to her. The trial court struck Safeway's motion to tax costs, concluding that it had not obtained the more favorable judgment and thus was not entitled to recover costs.

## II. Section 998

### A. *Statutory Construction*

Subdivision (a) of section 998 provides that the award of costs and attorney fees authorized by statute to prevailing parties as a matter of right "shall be withheld or augmented as provided in this section." (See §§ 1031, 1032; see also Gov. Code, § 12965, subd. (b) [trial court may award reasonable attorney fees and costs to prevailing party].) Pursuant to subdivision (c) of this statute, "[i]f an offer made by a defendant is not accepted and the plaintiff fails to obtain a more favorable judgment, the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer. For purposes of this section, a plaintiff in *a cause of action not based on tort* shall not be deemed to have obtained a more favorable judgment unless the judgment obtained by the plaintiff, exclusive of attorney's fees and costs, exceeds the offer made by the defendant pursuant to this section." (§ 998, subd. (c), italics added.)

Safeway contends that section 998, subdivision (c) was enacted to abolish the former rule that in determining the "more favorable judgment" issue under section 998 "we first add to the judgment of damages those recoverable costs and attorney's fees authorized by statute and incurred before the settlement offer. [Citations.]" (*Kelly* v. *Yee* (1989) 213 Cal.App.3d 336, 342 [261 Cal.Rptr. 568]; see also *Stallman* v. *Bell* (1991) 235 Cal.App.3d 740 [286 Cal.Rptr. 755].) Wilson agrees that this section abolishes the former rule but argues that the abolition is limited to causes of action "not based on tort . . . ." (§ 998, subd. (c).) Because there is nothing unclear or ambiguous, in our view, in the language of the statute limiting its application to "a cause of action not based on tort," we conclude that the trial court's interpretation was correct.

When construing a statute, the Legislature admonishes us that a judge's duty is "simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . ." (§ 1858; see *McAlexander* v. *Siskiyou Joint*

*Community College* (1990) 222 Cal.App.3d 768, 775 [272 Cal.Rptr. 70].) If there is no ambiguity about the meaning of the language, we must apply the provision according to its terms without further judicial construction. (*Kelly* v. *Yee, supra,* 213 Cal.App.3d at p. 340.) In a case such as this one when the language of the statute is clear on its face, we may not consider extrinsic evidence to determine the intent of the Legislature. We construe statutory language according to ordinary rules of statutory interpretation, looking first to the words of the statute to ascertain the Legislature's intent. (*People* v. *Stanfield* (1995) 32 Cal.App.4th 1152, 1157 [38 Cal.Rptr.2d 328].) When interpreting a statute, if the language is clear, we follow that plain meaning. (*Great Lakes Properties, Inc.* v. *City of El Segundo* (1977) 19 Cal.3d 152, 155 [137 Cal.Rptr. 154, 561 P.2d 244].) We may not disregard the plain provisions of a statute, nor may we go beyond the meaning of the words used when they are clear and unambiguous. We may not speculate that the Legislature meant something other than what it said, nor may we rewrite a statute to make express an intention that did not find itself expressed in the language of that provision. (*McAlexander* v. *Siskiyou Joint Community College, supra,* at p. 775.)

␣␣␣␣␣␣The language of section 998, subdivision (c) is clear. It excludes "attorney's fees and costs" in calculating the amount of the award in "a cause of action *not* based on tort." (Italics added.) This can only mean that the exclusion does not apply when the cause of action *is* "based on tort."

We must acknowledge that Safeway presents a strong argument, based on materials bearing on legislative intent, that the phrase "a cause of action not based on tort" was added to prevent the *subtracting* of the amount of a contingency fee from the award in personal injury cases. In sum, Safeway maintains that the phrase was included to ensure that the reference, "exclusive of attorney's fees and costs," was not used to reduce the amount of the award, for purposes of determining the more favorable judgment, by deducting or excluding a contingency fee based on the amount of the award of damages. Although this may well have been the intent of our Legislature, this is not what the statute says. As stated by our Supreme Court in *People* v. *Weidert* (1985) 39 Cal.3d 836, 843 [218 Cal.Rptr. 57, 705 P.2d 380], a court must follow the plain meaning of the statutory language " ' ". . . even if it appears probable that a different object was in the mind of the legislature." ' "

As there is no ambiguity in the challenged language of section 998, subdivision (c), we may not look any further than the plain meaning of the words "a cause of action not based on tort." The plain meaning of these words is that a cause of action based on tort is excluded from the application of section 998, subdivision (c).

B. *Tort Cause of Action*

Safeway also challenges the trial court's finding that Wilson's FEHA claim was "a cause of action based on tort" within the meaning of section 998. It argues that the meaning of the term "cause of action" is to be determined according to the "primary right theory" line of cases, rather than according to its ordinary usage. It contends that its proposed application of section 998 to FEHA claims is more consistent with the policies underlying both section 998 and the FEHA than Wilson's interpretation of this provision which the trial court applied.

Again, we are not persuaded by Safeway's argument. Typically, courts interpret statutory language according to the ordinary and popular sense of the words chosen by the Legislature. (*People* v. *Eddy* (1872) 43 Cal. 331, 336-337; see *In re Rojas* (1979) 23 Cal.3d 152, 155 [151 Cal.Rptr. 649, 588 P.2d 789].) The ordinary meaning of this language is that a cause of action based on tort is excluded from its ambit. The circumstances of this case support that straightforward reading of section 998.

Wilson brought action under the FEHA, which makes sexual harassment unlawful when an employer knows or should have known of the harassment and fails to take immediate and appropriate corrective action. (See Gov. Code, § 12940, subd. (h)(1).) The jury awarded Wilson damages to compensate her for the emotional distress she suffered on the job. Damages for emotional distress are typically awarded in tort actions. (See *State Rubbish etc. Assn.* v. *Siliznoff* (1952) 38 Cal.2d 330, 336-338 [240 P.2d 282] [emotional distress as tort]; see also 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 402, p. 483.)

Legal authorities also liken the statutorily based FEHA action to a tort cause of action. The California Supreme Court has ruled that in an FEHA action, the plaintiff is entitled to seek all forms of relief available in tort actions, including punitive damages. (*Commodore Home Systems, Inc.* v. *Superior Court* (1982) 32 Cal.3d 211, 221 [185 Cal.Rptr. 270, 649 P.2d 912].) One appellate court has stated in the context of an FEHA action for sexual harassment that "[t]he fact sexual harassment is made actionable by statute does not make it any less a 'tort' than battery, false imprisonment or negligence made actionable by common law. . . . [Citation.] . . . Examples of statutory torts are plentiful in California law. [Citations.]" (*Bihun* v. *AT&T Information Systems, Inc.* (1993) 13 Cal.App.4th 976, 1002 [16 Cal.Rptr.2d 787], disapproved on other grounds in *Lakin* v. *Watkins Associated Industries* (1993) 6 Cal.4th 644, 664 [25 Cal.Rptr.2d 109, 863 P.2d 179].) Witkin also makes it clear that a tort duty may be imposed by a statute such as the

FEHA. (See 5 Witkin, Summary of Cal. Law, *supra*, Torts, § 6, pp. 61-62 [tort as violation of legal duty imposed by statute, contract or otherwise, owed by defendant to plaintiff].)

Considering all these factors, we are satisfied that Wilson's FEHA claim fell within the tort exclusion of section 998. The trial court properly added Wilson's attorney fees and costs to her jury award for emotional distress when determining the amount of her "judgment" within the meaning of this statute and properly determined that her judgment was greater than Safeway's settlement offer. Applying section 998 in the manner required by its plain terms, the trial court properly concluded that Wilson had obtained the more favorable judgment under section 998. It acted within its authority when awarding Wilson attorney fees and costs.[4]

The judgment is affirmed. Wilson is entitled to costs, including attorney fees on appeal, in an amount to be determined by the trial court.

Anderson, P. J., and Hanlon, J., concurred.

---

[4]As a further consequence of its position that Wilson was not the prevailing party at trial, Safeway argues that the trial court erred in striking its costs bill, as subdivision (e) of section 998 requires Wilson to pay its costs from the date of its February 20, 1995, offer to compromise. In light of our conclusion that Wilson was the prevailing party, we necessarily reject this contention, as well. (See pt. II. B., *ante.*)