[No. C046938. Third Dist. Mar. 3, 2005.]

In re the Marriage of AMY LYNN and RENE ROGE DUPRE.
AMY LYNN DUPRE, Appellant, v.
RENE ROGE DUPRE, Respondent;
CHRISTOPHER PETERSON, Respondent.

**[CERTIFIED FOR PARTIAL PUBLICATION*]**

---

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of part IV.

1518

**COUNSEL**

Stephen R. Gianelli and Joan Mann Thomas for Appellant.

No appearance for Respondent Rene Roge Dupre.

Charlotte L. Keeley for Respondent Christopher Peterson.

**OPINION**

RAYE, J.—In an effort to discourage false accusations of child abuse during custody litigation, the Legislature enacted Family Code section 3027.1.[1] Section 3027.1 allows the court to impose monetary sanctions against a witness, party, or party's attorney who knowingly makes such a false allegation.

Appellant Amy Lynn Dupre (mother) and respondent Rene Roge Dupre (father) shared custody of their nine-year-old daughter J. J. informed her father of inappropriate sexual behavior by the eight-year-old daughter of her mother's boyfriend, and father contacted his attorney, respondent Christopher Peterson. Father requested an ex parte temporary custody proceeding, after which the trial court suspended mother's custody and visitation rights. After receiving a report from Family Court Services (FCS report), the trial court reinstated mother's custody and visitation and ordered J. have no contact with the daughter of her mother's boyfriend.

Mother filed an order to show cause (OSC) for sanctions against Peterson under section 3027.1, contending Peterson made false accusations that J. had been sexually molested for almost a year. Mother also accused Peterson of stating mother knew about the abuse and failed to stop it. The trial court granted Peterson's motion to dismiss mother's OSC, holding a finding of falsity should have been made in the underlying temporary custody proceeding. The trial court issued a minute order. The trial court did not issue an order after hearing, and the parties failed to request a statement of decision.

Mother appealed the trial court's minute order. We initially dismissed the appeal but subsequently granted mother's petition for rehearing and reinstated the appeal.

On appeal, mother argues (1) the trial court's minute order granting Peterson's motion to dismiss mother's OSC is an appealable order, (2) the trial court erred in finding section 3027.1 requires a finding of falsity to be requested and made in the underlying custody proceeding, and (3) the trial court erred in refusing to take judicial notice of the entire FCS report. We find the order appealable and find section 3027.1 imposes no requirement of prior factual findings of falsity. In the unpublished portion of this opinion, we find the trial court did not err in considering only portions of the FCS report.

---

[1] All further statutory references are to the Family Code unless otherwise indicated.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2003 mother and father shared custody of nine-year-old J. On December 4, 2003, father contacted his attorney, Peterson, and told him he had an emergency situation involving J. During a meeting between Peterson, father, and father's wife the following day, father stated that J. told him she was being subjected to inappropriate sexual contact initiated by the eight-year-old daughter of her mother's live-in boyfriend. J. stated the contact occurred regularly and that she did not like it. Father informed mother, who denied anything was wrong and claimed J. was fabricating in order to get attention. Father feared mother would fail to protect J. from sexual contact by the other child. Father also told Peterson that J. had informed her pediatrician of the sexual contact.[2] On December 5, 2003, Peterson notified mother that father had requested an ex parte hearing to be held on December 8, 2003. Peterson informed mother that father sought to take away her parental rights because of the alleged sexual abuse of J. The following day, mother retained counsel to defend against the allegations.

On December 8, 2003, the court conducted a temporary custody proceeding before Judge Ullman. At the hearing, Peterson stated that J. had been sexually abused for almost a year and that mother knew about the abuse and failed to stop it. Peterson denied making any knowingly false accusations of child abuse or neglect. Judge Ullman temporarily suspended mother's rights of custody and visitation pending an immediate Family Court Services (FCS) investigation.

On December 11, 2003, FCS child custody mediator Diana Connolly issued the FCS report, finding that J. had not been sexually molested. The FCS report concluded that J. engaged in mutual sexual experimentation with a like-age child. Such experimentation is considered a normal part of a child's sexual development.

Mother, on December 16, 2003, petitioned the court to adopt the FCS report and restore her parental rights. Father filed a supplemental declaration opposing the FCS report. Judge Ullman adopted the report, with the modification that J. and the daughter of mother's boyfriend have no further contact.

On December 18, 2003, Judge Ullman issued a mandatory OSC for section 3027.1 sanctions and set the matter for hearing on February 11, 2004. Effective January 1, 2004, Judge Ullman retired. An order after hearing, signed by Judge Mize, was filed January 15, 2004.

On January 26, 2004, Peterson filed a declaration in opposition to mother's request for sanctions. Judge Mize held a hearing on the motion on February

---

[2] These facts are taken from a declaration filed by Peterson in response to the OSC.

11, 2004. The court stated it had no problem setting the matter for long cause and waiving a pretrial conference. The court noted: "[W]hen we're talking about that much money and that, effectively both, emotional a topic . . . this court does not want to rush through it in a way that would make it appear that it didn't give full and adequate consideration to something like that." The matter was set for long cause hearing on May 13, 2004.

On May 13, 2004, trial began before Judge Kobayashi on the section 3027.1 request for sanctions. The court began by reviewing section 3027.1 and asking the parties whether the determination of falsity should have been made at the December 16, 2003, hearing. Peterson answered in the affirmative and argued the court should dismiss the request since the finding of falsity should have been made in the underlying temporary custody proceeding.

Mother argued that nothing in the language of section 3027.1 ties sanctions to the custody hearing itself. Mother also argued that no contested proceeding had taken place in which she could litigate the issue of knowledge. The custody hearing consisted of the return of the FCS report and a request to adopt the report. Peterson was not before the court at that time.

Peterson argued the lack of a statute of limitations in section 3027.1 evinced a legislative intent to require litigation of the issue of falsity during the underlying custody proceeding. Otherwise, disgruntled litigants could bring a claim for section 3027.1 sanctions "forever."

The trial court again inquired whether prior to the sanctions motion a litigant should not request a finding of false allegations, or at least request a hearing to make such a finding. The court theorized there should first be a finding of false allegation. Following such a finding, the issue of who made the finding could be litigated. The court also noted: "I think this is an issue that really should be looked at by the appellate court . . . ."

Ultimately, the trial court issued a minute order dismissing with prejudice the request for section 3027.1 sanctions: "The Court ruled that under . . . Section 3027.1, the Court dismisses the claim on the ground that the issue of falsity must be adjudicated in the underlying custody proceedings. Here the petitioner did not request [Judge Ullman] to make any findings on the issue of false allegations. Petitioner could have requested the trial court to join Attorney Peterson so that [Judge Ullman, who] had first hand knowledge of the facts, could have heard the . . . motion."

During oral argument on the motion, mother requested the court take judicial notice of the FCS report. The court responded: "It's a confidential

report. Our practice is, if there's an agreement, only the agreement part is . . . taken into consideration. If it's a recommendation, only the recommendation part is considered. [¶] The other part, the discussion, consists entirely of hearsay information . . . . [¶] If there is an agreement, there is no need for a discussion of what transpired at the mediation." The minute order states: "The Court ruled that the agreement portion only of the FCS report may be considered by the Court."

Mother requested the issuance of a minute order dismissing the sanctions request. Judge Kobayashi agreed and faxed to counsel the minute order dismissing the request on May 14, 2004. Neither side requested a statement of decision or order after hearing.

Mother filed a notice of appeal on May 20, 2004. On June 10, 2004, we dismissed the appeal as from a nonappealable order. On June 14, 2004, mother filed a petition for rehearing. We granted her petition and reinstated the appeal on June 17, 2004.

## DISCUSSION

### I. *Appealability of the Order at Issue*

As a threshold matter, we must determine whether mother may appeal from the May 14, 2004, minute order dismissing her request for section 3027.1 sanctions. Mother posits two arguments in support of appealability: (1) an appeal will lie from an unsigned minute order that fails to direct preparation of a written order and is not a dismissal of the action under Code of Civil Procedure section 581d, and (2) the order is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2).

We find both contentions persuasive. In *In re Marriage of Lechowick* (1998) 65 Cal.App.4th 1406 [77 Cal.Rptr.2d 395] (*Lechowick*), the appellate court considered the appealability of a minute order following a hearing. Both the minute order and the reporter's transcript recorded the trial court's denial of the appellant's application to unseal court records. Although the appellant's notice of appeal stated he had prepared and presented a written order for the court's signature and filing, no such order appeared in the record. (*Id.* at p. 1410.)

The *Lechowick* court found the lack of a written order not "fatal": "An unsigned minute order can form the basis of an appeal, unless it specifically recites that a formal order is to be prepared; this one does not. [Citations.]" (*Lechowick, supra,* 65 Cal.App.4th at p. 1410.)

■    Mother acknowledges Code of Civil Procedure section 581d provides that all orders of dismissal must be in writing and signed by the trial court. However, section 581d is limited to a dismissal of the "action," defined by Code of Civil Procedure section 581 to include a special proceeding of a civil nature. As mother points out, the denial of the motion for Family Code section 3027.1 sanctions is not the dismissal of an action, but a ruling on a procedural matter.

In addition, mother contends the order denying sanctions is appealable under Code of Civil Procedure section 904.1, subdivision (a)(2). We agree.

■    Code of Civil Procedure section 904.1 sets forth judgments and orders from which an appeal may be taken. It permits the immediate appeal of certain orders imposing monetary sanctions over $5,000 and provides for review of orders imposing sanctions of lesser amounts on appeal from the final judgment. (§ 904.1, subds. (a)(11) & (12), (b).)

In *Shelton v. Rancho Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337 [115 Cal.Rptr.2d 82] (*Shelton*), the plaintiff sought sanctions against the defendants and their counsel under Code of Civil Procedure section 128.5 for frivolous and delaying tactics. The trial court denied the sanctions request on the ground that the defendants' conduct was not undertaken in subjective bad faith. (*Shelton, supra,* 94 Cal.App.4th at pp. 1342–1343.) The plaintiff appealed, and the defendants argued a postjudgment order denying a motion for sanctions is not appealable. The appellate court disagreed. (*Id.* at p. 1343.)

The *Shelton* court noted appellate courts have routinely reviewed orders denying sanctions, but also noted "few cases have specifically addressed whether such orders are indeed appealable." (*Shelton, supra,* 94 Cal.App.4th at p. 1343.) The court looked to the Supreme Court for guidance: "The Supreme Court noted the postjudgment orders it previously held to be nonappealable, fall into two main categories: (1) 'orders that, although following an earlier judgment, are more accurately understood as being preliminary to a later judgment, at which time they will become ripe for appeal'; and (2) 'orders [that] pertain[] to the preparation of a record for use in a future appeal.' " (*Id.* at p. 1344, quoting *Lakin v. Watkins Associated Industries* (1993) 6 Cal.4th 644, 652–653 [25 Cal.Rptr.2d 109, 863 P.2d 179] (*Lakin*).)

The *Lakin* court held that a postjudgment order denying attorney fees was appealable as a postjudgment order that affects the judgment or relates to its enforcement because it finally determines the rights and liabilities of the parties arising from the judgment. The order was not preliminary to later proceedings and would not become subject to appeal after some future

judgment. (*Lakin, supra*, 6 Cal.4th at p. 656.) Similarly, the *Shelton* court found the postjudgment order denying sanctions was a final determination of the rights and liabilities of the parties arising from the judgment. The order was not preliminary to some later proceeding, and there was no future judgment from which the order might be appealed. (*Shelton, supra*, 94 Cal.App.4th at p. 1345.)

Following in the wake of *Lakin* and *Shelton*, we find the denial of section 3027.1 sanctions appealable. The minute order denying sanctions is a final determination of the rights and liabilities of the parties. It is not preliminary to some later proceeding, and there is no future judgment from which the order may be appealed. Therefore, we find the appeal properly before us.

## II. *Standard of Review*

Mother argues the trial court erred in construing section 3027.1 to require findings of falsity be made during the underlying temporary custody proceeding. We review questions of law independently. Where the facts are undisputed and the issue involves statutory interpretation, we exercise our independent judgment and review the matter de novo. (*Alliance for a Better Downtown Millbrae v. Wade* (2003) 108 Cal.App.4th 123, 129 [133 Cal.Rptr.2d 249].)

Mother also contends the trial court erred in not considering the entire FCS report in response to her request for judicial notice. We apply the abuse of discretion standard of review to any ruling by the trial court on the admissibility of evidence. (*City of Ripon v. Sweetin* (2002) 100 Cal.App.4th 887, 900 [122 Cal.Rptr.2d 802].)

## III. *Findings Under Section 3027.1*

After stripping away the procedural and factual trappings surrounding this case, one central issue remains: does a request for sanctions under section 3027.1 require a finding of falsity during the underlying temporary custody proceeding? The trial court imposed such a requirement; mother argues the statute does not support such an interpretation.

We begin by noting that when construing a statute, a court's duty is " 'simply to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted, or to omit what has been inserted . . . .' " (*McAlexander v. Siskiyou Joint Community College* (1990) 222 Cal.App.3d 768, 775 [272 Cal.Rptr. 70].) If there is no ambiguity about the meaning of the language, we must apply the provision according to its

terms without further judicial construction. When the language is clear on its face, we may not consider extrinsic evidence to determine the intent of the Legislature. If the language is clear, we follow that plain meaning. (*Wilson v. Safeway Stores, Inc.* (1997) 52 Cal.App.4th 267, 271–272 [60 Cal.Rptr.2d 532] (*Wilson*).)

Section 3027.1 states: "(a) If a court determines, based on the investigation described in Section 3027 or other evidence presented to it, that an accusation of child abuse or neglect made during a child custody proceeding is false and the person making the accusation knew it to be false at the time the accusation was made, the court may impose reasonable money sanctions, not to exceed all costs incurred by the party accused as a direct result of defending the accusation, and reasonable attorney's fees incurred in recovering the sanctions, against the person making the accusation. For the purposes of this section, 'person' includes a witness, a party, or a party's attorney. [¶] (b) On motion by any person requesting sanctions under this section, the court shall issue its order to show cause why the requested sanctions should not be imposed. The order to show cause shall be served on the person against whom the sanctions are sought and a hearing thereon shall be scheduled by the court to be conducted at least 15 days after the order is served. [¶] (c) The remedy provided by this section is in addition to any other remedy provided by law."

Mother argues the plain language of the statute does not support the trial court's interpretation requiring a determination of falsity in the underlying custody proceeding. Mother focuses on the opening words of the statute, "If *a* court determines, based on the investigation . . . ," arguing the Legislature's use of the indefinite article "a," as opposed to the definite article "the," shows the Legislature did not invest any particular court with the duty to find the underlying facts and evinces a legislative intent to permit the necessary findings to be made "*by a different court than presided over the custody matter.*"

Mother also notes section 3027.1, subdivision (b) states "any person" aggrieved by the false accusation, not just a party to the custody proceeding, may make a motion for sanctions. Section 3027.1, subdivision (a) allows the motion to be brought against nonparties, such as a witness or a party's attorney. Mother reasons: "It makes no sense that the legislature would have intended the parties to a temporary custody proceeding to stand aside while nonparty litigants and/or a combination of party and nonparty litigants to a section 3027.1 sanctions motion tried the issues of falsity and knowing falsity in that custody proceeding, before the temporary custody proceeding could be concluded." (Italics and underscoring omitted.)

■ We find mother's argument persuasive. Nothing in the wording of section 3027.1 supports an interpretation requiring the findings underlying the sanctions to be made during the custody proceedings. To read such a requirement into the statute runs afoul of our duty to refrain from rewriting a statute "to make express an intention that did not find itself expressed in the language of that provision." (*Wilson, supra*, 52 Cal.App.4th at p. 272.) We are prohibited from inserting words into a statute under the guise of statutory interpretation. Nor can we insert words that would, in effect, add a provision to a statute or rewrite a statute to conform to an intent not apparent in the statute's plain language. (*Edgar O. v. Superior Court* (2000) 84 Cal.App.4th 13, 18 [100 Cal.Rptr.2d 540]; *People v. Mathews* (1998) 64 Cal.App.4th 485, 489–490 [75 Cal.Rptr.2d 289].) The statute requires the false statement be made during the child custody proceeding; the statute does not require the falsity be established during the child custody proceeding.

■ Mother also notes that section 3027.1 allows "any person" to request sanctions against nonparties as well as parties. Therefore, the OSC referred to in section 3027.1, subdivision (b) provides the mechanism to bring nonparties before the court, allowing them an opportunity to defend themselves against a charge of making a knowingly false accusation in the underlying custody proceeding.

We agree. To require the falsity to be established prior to the issuance of an OSC would render the OSC superfluous.

During oral argument, father contended the lack of a specified limitations period in section 3027.1 reflected a legislative intent to require the findings be made in the underlying custody proceeding. To allow findings to be made subsequently would countenance sanctions motions into infinity. Mother requests that this court ascertain the limitations period applicable to actions under section 3027.1.

However, the disposition in this case does not turn on the statute of limitations question. We decline to consider an issue unnecessary to our decision. (*Borba Farms, Inc. v. Acheson* (1988) 197 Cal.App.3d 597, 603 [242 Cal.Rptr. 880].)

IV. *Judicial Notice of FCS Report**

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

---

*See footnote, *ante*, page 1517.

## DISPOSITION

The trial court's order dismissing the section 3027.1 request for sanctions is reversed. The matter is remanded to the trial court. Mother shall recover costs on appeal.

Scotland, P. J., and Nicholson, J., concurred.

On April 1, 2005, the opinion was modified to read as printed above. The petition of respondent Christopher Peterson for review by the Supreme Court was denied July 13, 2005. George, C. J., did not participate therein.