Filed 7/25/13  In re A.C. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re A.C., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>A.C.,<br><br>　　　　Defendant and Appellant. | A136374<br><br>(Alameda County<br>Super. Ct. No. SJ12189741) |

Charged with possessing Vicodin for sale, 15-year-old A.C. requested that the juvenile court grant him deferred entry of judgment pursuant to Welfare and Institutions Code section 790 et seq.[1]  The court denied the request and A.C. admitted to misdemeanor possession of a controlled substance.  On appeal, he asserts the court abused its discretion when it denied his request.  It did not, and we affirm.

## BACKGROUND

A.C. was arrested at Mission San Jose High School for possessing 10 Vicodin pills to sell to another student.  He admitted he previously sold a friend some prescription pills and on two prior occasions sold marijuana to other students on campus.

---

[1] Unless otherwise noted, further statutory references are to the Welfare and Institutions Code.  References to rules are to the California Rules of Court.

1

Defense counsel advised the court that A.C. appeared to be eligible for deferred entry of judgment and asked the court to determine his suitability for the program. It was agreed that, as required for consideration for deferred entry of judgment, A.C. would plea to a felony violation of Health and Safety Code 11351, and the probation department would prepare a dispositional report addressing his suitability. If the Court decided against deferred entry of judgment, A.C. would be permitted to withdraw his felony admission and admit a misdemeanor violation.

The probation report recommended deferred entry of judgment. It observed that A.C. admitted that he planned to sell the Vicodin pills, previously sold marijuana on campus, and had smoked marijuana on weekends since he was 13 years old. But A.C. also "has begun his community service hours at the food bank and has made sure to get to school on time. [¶] The minor has admitted to smoking marijuana approximately a month ago, but denies any other substance use as well as gang affiliation. [A.C.] has shown remorse for this incident and has taken responsibility for acting irresponsibly by taking the vicodin to school. The minor has also reported that he has long term goals and would like to graduate high school and attend Emeryville Institute for Music and Arts. The minor has a passion for music and would like to study production and engineering with the interest of becoming a music producer. [A.C.] also does not present any problems at home and follows the rules that are given by his mother. It is believed that the minor is suitable for a grant of deferred entry of judgment. It is therefore recommended . . . that the minor be granted deferred entry of judgment and be placed on formal probation in the home of his mother with supervision services to include school conditions, drug testing, curfew, WETA, and COPS Alcohol/Drug Offender class."

The court rejected the recommendation. It explained: "Sales of drugs at school is not appropriate for Deferred Entry of Judgment, and [A.C.] also indicated he had stolen the pills, the ten Vicodin pills, from a friend, and he was planning on making money off of it. He sold two marijuana joints a couple months ago. This sort of dealing behavior needs standard probation. [¶] There's also a text on his iPhone referring to the sales transaction." A.C.'s attorney argued that his client was a good candidate for deferred

2

entry of judgment because his home life was stable and supportive, he only went out with friends his mother approved of, his grades were "good enough," and he had a contract to return to Mission High School when he completed community service and drug rehabilitation requirements. Counsel also argued that selling vicodin was less serious than selling cocaine or other serious street drugs. "We're looking at a kid who made mistakes and [']fessed up to them. The only reason we know where the pills came from, he told them. He reported it, suspected it, because he volunteered it."

The probation officer who appeared at the hearing had a different view.[2] She said: "It may seem Minor has a stable life; doesn't seem to coincide with behavior in the community, not just the offense. One has to wonder how many times he has done this type of behavior in terms of selling. And although Vicodin may not be the usual drug that the minors are using and/or selling, nonetheless it's a very serious drug to get involved with. And I agree with the Court: [standard probation] 4C would be appropriate."

The court reaffirmed its decision to reject deferred entry of judgment. In accord with the court's earlier indication, A.C. withdrew his plea to the felony offense and admitted the misdemeanor. The court declared him a ward of the court and placed him on home probation subject to various terms and conditions.

This appeal timely followed.

## DISCUSSION

A.C. contends the juvenile court abused its discretion when it failed to grant deferred entry of judgment. The contention is without merit.

Under the provisions of sections 790 et seq., "in lieu of jurisdictional and dispositional hearings, a minor may admit the allegations contained in a section 602 petition and waive time for the pronouncement of judgment. Entry of judgment is deferred. After the successful completion of a term of probation, on the motion of the prosecution and with a positive recommendation from the probation department, the court

_____

[2] This was not the same officer who authored the dispositional report.

3

is required to dismiss the charges. The arrest upon which judgment was deferred is deemed never to have occurred, and any records of the juvenile court proceedings are sealed." (*In re Joshua S.* (2011) 192 Cal.App.4th 670, 675.)

The juvenile court may grant deferred entry of judgment if it finds the minor is eligible under section 790,[3] suitable for the deferred entry of judgment program, and "would derive benefit from education, treatment, and rehabilitation efforts." (Rule 5.800(b)(2)). The minor must be both eligible *and* "suitable." As explained in *In re Sergio R.* (2003) 106 Cal.App.4th 597 "[D]enial of deferred entry of judgment is not an abuse of discretion merely because the minor has satisfied the eligibility requirements of section 790, subdivision (a), and rule [5.800(a)]. Instead, the court makes an independent determination after consideration of the 'suitability' factors specified in rule [5.800(d)(3)] and section 791, subdivision (b), with the exercise of discretion based upon the standard of whether the minor will derive benefit from 'education, treatment, and rehabilitation' rather than a more restrictive commitment. (§ 791, subd. (b); [rule 5.800((b)(2)].)" (*Id.* at p. 607, fn. omitted, bracketed text added.) Those " 'suitability factors' " include "[t]he child's age, maturity, educational background, family relationships, motivation, any treatment history, and any other relevant factors regarding the benefit the child would derive from education, treatment, and rehabilitation efforts . . . ." (Rule 5.800(d)(3)(A)(i); *In re Sergio*, *supra*, 106 Cal.App.4th at p. 607, fn. 9.)

A.C.'s eligibility for deferred entry of judgment is undisputed. His claim, rather, is that the court failed to consider the various factors relevant to his *suitability* for the

---

[3] Section 790, subdivision (a), makes a minor eligible for deferred entry of judgment if all of the following circumstances exist: "(1) The minor has not previously been declared to be a ward of the court for the commission of a felony offense. [¶] (2) The offense charged is not one of the offenses enumerated in subdivision (b) of Section 707. (3) The minor has not previously been committed to the custody of the Youth Authority. [¶] (4) The minor's record does not indicate that probation has ever been revoked without being completed. [¶] (5) The minor is at least 14 years of age at the time of the hearing. (6) The minor is eligible for probation pursuant to Section 1203.06 of the Penal Code."

program and "made no finding as to whether [he] was amenable to education, treatment and rehabilitation." He asserts the court ruled instead on the basis of a purported "blanket rule" that juvenile offenders who sell drugs at school require standard probation. A.C. misreads the record. The court expressly considered that A.C. was selling vicodin at school, that he sold marijuana to other students on school grounds, that his cell phone contained messages indicating drug sales, and that he regularly smoked marijuana on weekends. Moreover, this was not the first time A.C. sold illegal prescription drugs, and he admitted using marijuana since he was 13 years old. As the People note, courts may reasonably consider the nature of a minor's crime and criminal history in assessing his or her suitability for deferred entry of judgment. (See, e.g., *In re Damian M.* (2010) 185 Cal.App.4th 1, 6 [minor was engaged in "sophisticated criminal conduct"]; *In re Sergio R.*, supra, 106 Cal.App.4th at p. 608 [minor was a gang member with history of drug abuse].) While A.C.'s offense and history of criminal activities are arguably less significant than those in *Damian M. and Sergio R.,* " '[t]he appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court.' " (*In re Emmanuel R.* (2001) 94 Cal.App.4th 452, 465.) We cannot conclude the juvenile court abused its discretion when it decided that A.C.'s ongoing involvement in drugs, drug sales, and, on this occasion, theft, indicated that he would not benefit from deferred entry of judgment rather than formal probation. (See § 791, subd.(b); rule 5.800(d)(3)(A)(i).)

A.C.'s apparent claim that the court was required to make an express finding "as to whether or not [he] was amenable to education, treatment and rehabilitation" is mistaken. There is no statutory requirement that a court state express findings in support of a decision to deny, as opposed to grant, deferred entry of judgment. (See § 791, subd. (b) ["The court shall make the final determination regarding education, treatment, and rehabilitation of the minor"]; cf. § 790, subd.(b) [express findings required when court *grants* deferred entry of judgment].) Courts "may not speculate that the Legislature meant something other than what it said, nor may we rewrite a statute to make express an

5

intention that did not find itself expressed in the language of that provision." (*Wilson v. Safeway Stores, Inc.* (1997) 52 Cal.App.4th 267, 272; see also *Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1272 [in absence of statutory requirement of express findings, reviewing court must infer court made determinations necessary to support its order].)

## DISPOSITION

The judgment is affirmed.

_____
Siggins, J.

We concur:

_____
McGuiness, P.J.

_____
Jenkins, J.