Filed 10/2/23  Nicole R. v. John C. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| NICOLE R., | |
| Plaintiff and Respondent, | G061736 |
| v. | (Super. Ct. No. 03P000231) |
| JOHN C., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Orange County, Carmen R. Luege, Judge.  Affirmed.

Law Office of Timothy M. Stuart and Timothy M. Stuart for Defendant and Appellant.

Law Offices of Lisa R. McCall, Lisa R. McCall and Erica M. Barbero for Plaintiff and Respondent.

## INTRODUCTION

Over a decade after being accused of child abuse by his child's mother during a parentage and custody action, the appellant filed a request in the same action seeking exculpation, claiming the mother had fabricated the allegations in an attempt to gain sole custody. While there are places where exculpation is a remedy, a family court is not one of them. Instead, the Legislature has provided a mechanism under Family Code section 3027.1 for persons like appellant to be compensated when false allegations are leveled at them.[1] Today, we affirm the trial court's decision to adjudicate appellant's request under this statutory scheme.

## FACTS

Cole was born in 2003 out of a short-lived relationship between appellant John C. and respondent Nicole R.[2] John had an eight-year-old son named Tyler from a previous marriage, and Nicole, John, and Tyler all lived in the same residence until just before Cole's birth. A judgment of paternity was entered in November 2003 with Nicole and John sharing legal and physical custody of Cole.

After the judgment was entered, Nicole filed at least three requests for domestic violence restraining orders. The first was in December of 2006. We have insufficient information in our record to understand the basis for that request. The second and third were in March, 2009, when Nicole sought restraining orders against John for alleged sexual abuse of Cole and against Tyler for alleged sexual abuse of Cole. Although the court issued temporary restraining orders in all three cases, none of the three requests ever resulted in a full evidentiary hearing or permanent restraining order against either John or Tyler because the parties continually agreed to continue or take the matters off calendar.

---

[1] All statutory references are to the Family Code unless otherwise indicated.

[2] Because this appeal arises out of a parentage action, we use only the first names of the parties.

2

However, on March 6, 2009, a family court commissioner suspended John and Tyler's visitation rights with Cole pending an expedited investigation into the abuse allegations. The court appointed Alan D. Liberman, Ph.D. to conduct the necessary confidential evaluations and report back to the court. We do not have Dr. Liberman's evaluations in our record. In October 2013, the family court ordered John and Nicole to share physical and legal custody of Cole equally.

On December 31, 2019, John filed a request for change (RFO) to the custody and visitation order. He sought sole legal and physical custody of Cole, as well as an "order exculpating" him and Tyler "from false allegations (or suggestions) of child abuse and sexual assault stemming from" Nicole's "March 1, 2009 filing of request for DVTRO re same" and disqualification of Nicole's attorney for conflict of interest. Specifically, John asked the court to make factual findings to exonerate him and Tyler of said allegations. He and Tyler filed declarations indicating how deeply the allegations had harmed their mental health, their social and professional lives, and their ability to maintain a meaningful relationship with Cole.

By the time the RFO came on for hearing in 2022, the matter had been passed between several family court judges. The judge assigned to the case indicated there was no basis for her to "exculpate" John from any allegations, and she did not believe she had jurisdiction to make any pronouncements as to Tyler, who was not a party to the parentage case. The court took briefing from the parties on whether the court had jurisdiction, but ultimately denied the RFO altogether. It determined the only procedurally proper way to approach the kind of relief John and Tyler sought was to bring a motion for sanctions under section 3027.1, and this request was brought far too late for such sanctions to be appropriate. (See *Robert J. v. Catherine D.* (2009) 171 Cal.App.4th 1500, 1527 (*Robert J.*) John filed a timely appeal.

3

**DISCUSSION**

In opening the RFO hearing, the trial court expressed consternation as to John's objective for filing his motion: "So what I have before me is an RFO that was filed on December 31st, 2019. And as I read this, it sounds like [John] wants some exculpation with regards to certain issues that arose in this case back in 2009, with regards to Tyler, who is the stepbrother or half-brother of Cole. So I don't understand. [¶] I have never heard of an exculpation trial; I don't know what that is." We share the trial court's difficulty.

On appeal, John contends the trial court erred by framing his motion as one for sanctions under section 3027.1, which allows a person falsely accused of child abuse or neglect in a child custody proceeding to obtain sanctions upon a court determination that the accusation is indeed false.[3] Instead, John reiterates that all he seeks is "exculpation" or "exoneration" for himself and Tyler. Citing *Robert J.*, he argues the court can grant such relief on its own.

Our first task is to establish our standard of review given the unique nature of John's request. John contends the trial court's ruling is subject to de novo review because it involves an issue of "statutory interpretation." This is problematic since his appeal is posited on his insistence that he does *not* seek relief under section 3027.1.

In contrast, Nicole claims the trial court's ruling is subject to review only for abuse of discretion, since the trial court was deciding whether to exercise its equitable powers. (See *Petrolink, Inc. v. Lantel Enterprises* (2022) 81 Cal.App.5th 156, 166.) We think this is the better framing – this case presents a question of the court's inherent power to fashion appropriate remedies under the circumstances.

---

[3]     Specifically, subdivision (a) of section 3027.1 states: "If a court determines, based on the investigation described in Section 3027 or other evidence presented to it, that an accusation of child abuse or neglect made during a child custody proceeding is false and the person making the accusation knew it to be false at the time the accusation was made, the court may impose reasonable money sanctions, not to exceed all costs incurred by the party accused as a direct result of defending the accusation, and reasonable attorney's fees incurred in recovering the sanctions, against the person making the accusation."

4

"It is beyond dispute that 'Courts have inherent power, as well as power under section 187 of the Code of Civil Procedure, to adopt any suitable method of practice, both in ordinary actions and special proceedings, if the procedure is not specified by statute or by rules adopted by the Judicial Council.' (*Tide Water Assoc*[*iated*] *Oil Co. v. Superior Court* [(1955)] 43 Cal.2d 815, 825.)" (*Citizens Utilities Co. of Cal. v. Superior Court* (1963) 59 Cal.2d 805, 812-813, fn. omitted.) "Thus a trial court has the inherent authority to create a new form of procedure in a particular case, where justice demands it. [Citations.] '"The . . . power arises from necessity where, in the absence of any previously established procedural rule, rights would be lost or the court would be unable to function." [Citation.]' [Citation.]" (*In re Amber S.* (1993) 15 Cal.App.4th 1260, 1264.)

Here, the court realized there was no procedure for John and Tyler to obtain an "exculpation" from the allegations Nicole leveled at them. However, it did recognize that section 3027.1 established a procedure by which litigants such as John can obtain redress for false allegations. As Nicole put it in her respondent's brief, "it appears the trial court was simply attempting to find *some* type of authority through which [John's] request might be brought under the Family Code[.]" We agree with this characterization. The trial court had discretion to consider John's request under section 3027.1. It did so, and found such a request untimely.

John's citation to *Robert J.* is unavailing; in that case, the court was called upon to determine *when* a motion under section 3027.1 must be brought, not whether a trial court can exculpate a litigant from abuse charges. (*Robert J.*, *supra*, 171 Cal.App.4th at pp. 1503-1504.)

In that case, Robert J. and Catherine D. were the parents of a child, and in the course of custody proceedings, Robert claimed Catherine was falsely accusing him of child abuse and neglect. Two years after the allegations were first made, the trial court entered judgment awarding Robert sole legal and physical custody of the child, finding

5

the evidence showed Robert was an effective and loving parent, and there was no need for any restrictions on his custody. The parties agreed this constituted a finding that Robert was exonerated of any child abuse allegations. (*Robert J., supra,* 171 Cal.App.4th at p. 1507.) A little more than a year after the judgment, Robert moved for sanctions against Catherine and her attorney under section 3027.1 The attorney moved to quash, arguing the motion was untimely. (*Id.* at p. 1504.) Applying the one-year statute of limitations under Code of Civil Procedure section 340, the trial court struck all allegations not made within a year of Robert's motion. (*Ibid.*) Division One of this court concluded equitable principles should apply to determine the timing of a section 3027.1 motion because there was no explicit directive as to timing in the statute. (*Id.* at p. 1505.) Because the Legislature felt the health, safety, and welfare of children should be the primary concern of courts in custody proceedings, the court held a section 3027.1 motion should be filed on or before the earliest of two dates: (1) 60 days after service of "the judgment or order exonerating him or her from child abuse or neglect allegations" or (2) 180 days after entry of such a judgment or order. (*Ibid.*) If the motion was filed after this timeframe, the court held "the burden shifts to the movant to show that his or her delay was excusable and that such delay did not result in undue prejudice to the opposing party or person who is the subject of the motion." (*Ibid.*)

John has misinterpreted *Robert J.* by moving for exculpation without an accompanying request for sanctions under section 3027.1. John maintains *Robert J.* established a right to exculpation independent of, or as a precursor to, sanctions. But this is not at all what the opinion says. The *Robert J.* court *presupposed* the existence of an order or judgment which both sides could agree refuted any allegations. Indeed, it already had a stipulation from the parties that the judgment exonerated Robert. It did not consider whether such an order or judgment could be rendered independent of any pronouncement on custody, visitation, or sanctions. That is what John seeks here:

6

exculpation and exculpation alone.[4] The *Robert J.* court had no occasion to consider whether exculpation alone was an option so it does not provide the authority for John's motion.

We conclude the trial court did not abuse its discretion in deciding John's request under section 3027.1. Furthermore, John fails to demonstrate any error in the trial court's actual application of the statute in conjunction with *Robert J.* Instead, he argues the trial court should not have applied laches to bar his motion because Nicole had not shown any prejudice from John's delay in bringing it.

John misapprehends the burden of proof as established in *Robert J.* Nicole has no burden to show prejudice because John's motion was brought 14 years after the last child abuse allegation was made. In this case, it is John who must show the delay was excusable and Nicole was not unduly prejudiced by it. As the trial court said in its statement of decision, John's filings "simply ignore[] the *Robert J.* opinion[.]"

One final point as to the impact of our decision. We have not been asked, nor do we purport, to make any conclusions as to the truth or falsity of Nicole's allegations against John or Tyler. And we recognize that section 3027.1 was passed by the Legislature "[i]n an effort to discourage false accusations of child abuse during custody litigation[.]" (*In re Marriage of Dupre* (2005) 127 Cal.App.4th 1517, 1520.) We do not minimize the painful and damaging repercussions of false allegations, nor should this opinion be of any succor to those who seek to gain advantages in custody litigation through such tactics. We have only been asked to determine if the trial court was correct to consider and dispose of John's motion under the rubric of section 3027.1 as it did. The answer to that question is yes.

---

[4] Cole reached the age of majority well before John's RFO was decided, so custody and visitation is no longer an issue.

## DISPOSITION

The order denying appellant's request for order dated December 31, 2019 is affirmed.  Each side shall bear their own costs.


                                        BEDSWORTH, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.