Filed 1/9/24  Shack v. NBC Universal CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

# FOURTH APPELLATE DISTRICT

# DIVISION TWO

| | |
|---|---|
| VINCENT W. SHACK, | |
| Plaintiff and Appellant, | E078607 |
| v. | (Super. Ct. No. INC083821) |
| NBC UNIVERSAL INC. et al., | OPINION |
| Defendants and Respondents. | |

APPEAL from the Superior Court of Riverside County.  Kira L. Klatchko, Judge.

Affirmed.

Vincent W. Shack, in pro. per., for Plaintiff and Appellant.

P.K. Schrieffer, Paul K. Schrieffer and Wayne H. Hammack, for Defendant and Respondent, NBC Universal, Inc.

Bowman and Brooke and Lawrence R. Ramsey, for Defendant and Respondent, Samsung Electronics America, Inc.

# I.

# INTRODUCTION

Plaintiff and appellant Vincent W. Shack appeals a postjudgment order denying his 2021 motion to vacate a 2011 judgment of dismissal of his lawsuit against defendant and respondent NBC Universal, Inc.[1] (NBC). Shack also appeals an order granting NBC's motion for $2,400 in sanctions against him for bringing a frivolous motion to vacate.

Shack contends the trial court had jurisdiction to grant his motion to vacate the judgment of dismissal even though it was filed many years after the trial court granted NBC's anti-SLAPP[2] motion to strike and entered the judgment of dismissal. He argues there are no time restrictions for bringing his motion to vacate. Shack further argues the trial court erred in granting NBC's anti-SLAPP motion to strike because NBC did not establish protected speech and the anti-SLAPP motion to strike was prematurely filed. In addition, Shack argues the trial court erred in finding his motion to vacate was frivolous and granting $2,400 in sanctions against him.

---

[1] NBC is now known as NBC Universal, Media, LLP, Inc.

[2] "SLAPP" stands for "Strategic Lawsuit Against Public Participation." (Code of Civ. Proc., § 425.16.) Unless otherwise indicated, all further statutory references are to the Code of Civil Procedure.

We reject Shack's contentions for the reasons stated below and affirm the trial court's postjudgment orders denying his 2021 motion to vacate the judgment of dismissal as to NBC[3] and granting NBC's motion for $2,400 in sanctions.

II.

FACTS AND PROCEDURAL BACKGROUND

During the first day of the 2007 Samsung World Championship, a professional golfing event held on October 11 and 12, 2007, at the Bighorn Country Club in Palm Desert, Shack stepped in front of cameraman Dan Beard's camera while he was recording the event live. Beard struck Shack in the throat using his left forearm and pushed him, causing Shack to step backward two to three feet. Shack did not seek medical treatment that day for his alleged back injury or any other injuries. Beard reported to police and tournament security personnel that Shack had threatened him. Shack did not report the incident until the next day after he returned to the golf tournament and was excluded from the event.[4]

---

[3] Samsung Electronics America, Inc. (Samsung) filed a provisional joinder to NBC's appellate respondent's brief. Although this court previously affirmed the anti-SLAPP judgment of dismissal as to Samsung, and Samsung was not a party to the postjudgment proceedings that are the subject of this appeal, Samsung filed a joinder in this appeal because Shack named Samsung in the caption of the instant appeal as a "'Party to part of the civil case of origin.'"

[4] These facts are taken from two incident reports and a supplemental report prepared by Riverside County Sheriff deputies. A more detailed summary of the facts is included in *Shack v. NBC Universal, Inc.*, (Mar. 4, 2011, E049374) [nonpub. opn.].

A. *State Trial Court Proceedings*

As a result of the golf tournament incident, Shack filed a civil lawsuit in the Riverside County Superior Court on February 4, 2009, against six defendants,[5] alleging two causes of action against each of them for general negligence and intentional tort. A day later, Shack filed a first amended complaint (FAC). "In support of both causes of action, Shack alleged that Beard, an NBC cameraman, intentionally struck him in the neck while recording an errant tee-shot on the 18th hole, and Beard later reported to police and tournament security personnel that Shack threatened him. The next day, Shack was denied admittance to the tournament, and police officers 'essentially removed' him from the tournament premises 'in front of the golf community,' which Shack relied upon 'for professional opportunities.' Shack generally alleged that the six defendants were the agents or employees of each other, and the five 'entity defendants' were in some manner responsible for Beard's 'outrageous battery' and for their own actions in reporting to police and tournament security personnel that Shack threatened Beard. Shack presented no admissible evidence in opposition to any of the anti-SLAPP motions and instead relied solely on the allegations of his complaints."

NBC, Samsung, and the other defendants separately demurred to the FAC. On April 21, 2009, the trial court sustained NBC and Samsung's demurrers, and deemed

---

[5] The six defendants are IMG Worldwide, Inc. (IMG), Ladies Professional Golf Association (the LPGA), Bighorn Properties, Inc. (Bighorn), NBC, Samsung, and Beard. NBC is the only defendant and respondent in this appeal. Samsung was erroneously named in the appeal caption, but is not a party to the appeal, as noted in Samsung's provisional joinder to NBC's appellate respondent's brief.

4

their motions to strike moot. As to NBC's demurrer, the court granted Shack 30 days leave to amend the FAC. On April 27, 2009, the trial court granted Beard's anti-SLAPP motion to strike the FAC and ordered Beard dismissed from the action without prejudice.

On May 21, 2009, Shack filed a second amended complaint (SAC). On June 19, 2009, NBC filed a special motion to strike the SAC under section 425.16, the anti-SLAPP statute (anti-SLAPP motion to strike). On July 13, 2009, Shack filed opposition to NBC's anti-SLAPP motion to strike, and NBC filed a reply.

On July 27, 2009, the trial court heard and granted NBC's anti-SLAPP motion to strike. Shack was present at the hearing. The court ordered Shack to pay NBC $1,960 in attorney's fees under the anti-SLAPP statute, section 425.16, subdivision (c)(1). The court further ordered the SAC stricken as a SLAPP lawsuit. Ultimately, all six defendants successfully moved to strike both causes of action under the anti-SLAPP statute.

On August 17, 2009, the trial court entered a judgment of dismissal as to NBC and awarded NBC its costs, including $1,960 in attorney's fees. NBC filed and served a notice of entry of the judgment of dismissal as to NBC.

B. *Shack's First Appeal in State Court*

Shack filed notices of appeal, challenging the orders striking his two causes of action against four of the six defendants, namely, IMG, the LPGA, NBC, and Samsung.[6]

---

[6] In Shack's previous appeal, we liberally construed Shack's notice of appeal from the judgment in favor of NBC, as having been taken from the anti-SLAPP order in favor of NBC. (*Shack v. NBC Universal, Inc.*, *supra*, E049374.)

Shack did not appeal from the separate order striking his action against Beard, and this court dismissed as untimely Shack's appeal from the order striking claims against Bighorn.

The principal issue raised in Shack's first appeal was "whether Shack's two causes of action are based on protected activity ( . . . § 425.16, subd. (e)), namely, defendants' reports to police and security personnel that Shack threatened Beard, or nonprotected activity, namely, Beard's battery of Shack." (*Shack v. NBC Universal, Inc.*, *supra*, E049374.)

On March 4, 2011, this court entered its decision, *Shack v. NBC Universal, Inc.*, *supra*, E049374, affirming the orders striking Shack's two causes of action and dismissing his complaints against IMG, the LPGA, NBC, and Samsung. (*Shack v. NBC Universal, Inc.*, *supra*, E049374.) We held that "both causes of action were properly stricken because both could be based solely on defendants' protected activities." (*Ibid*.) "We further concluded that Shack failed to demonstrate a reasonable probability of prevailing on his claims because both causes of action are subject to the absolute litigation privilege of Civil Code section 47, subdivision (b)." (*Ibid*.)

Shack filed a petition for review by the California Supreme Court, which was denied on May 11, 2011. This court issued a remittitur on May 17, 2011, stating that defendants shall recover their costs on appeal. NBC filed and served a proposed judgment of dismissal and award of attorney's fees and costs on appeal. Shack did not

6

file an objection to the proposed judgment, which the trial court signed on August 2, 2011.

On August 26, 2011, the trial court issued an order to show cause (OSC) why the court should not enter an amended judgment deleting attorney's fees. On September 28, 2011, NBC filed and served a reply to the OSC. Shack filed a declaration and statement of facts regarding the OSC. On October 14, 2011, the trial court vacated its OSC after reviewing the parties' responses and hearing oral argument. The court deemed the 2011 judgment of dismissal and order awarding attorney's fees and costs final. On October 17, 2011, NBC served and filed a notice of ruling.

On April 20, 2015, Shack filed a motion to vacate the August 2, 2011 judgment (first motion to vacate), which the trial court denied as time-barred.

C. *Federal Court Proceedings*

Shack filed an action in the federal district court against the same defendants named in his dismissed state court action. (*Shack v. NBC et al.*, case no. CV 19-02494 PA (SP).) He alleged the same events alleged in the state court lawsuit. The federal action included claims for (1) misuse of the First Amendment through reliance on the anti-SLAPP statute, (2) violation of the Ralph Civil Rights Act, (3) violation of the Unruh Civil Rights Act, and (4) violation of 42 U.S.C. § 1983.

On April 3, 2020, the federal district court ordered Shack to show cause in writing why the action should not be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine (*D.C. Court of Appeals v. Feldman* (1983) 460 U.S. 462, 482;

7

*Rooker v. Fidelity Trust Co.* (1923) 263 U.S. 413, 416 [Even if a plaintiff frames his claim as a constitutional challenge, the claim is barred by *Rooker-Feldman* if it seeks, in substance, appellate review of a state judgment.]).

On April 29, 2020, the federal district court dismissed Shack's federal action. The court concluded the action was a de facto appeal of this court's prior opinion. Therefore, under the *Rooker-Feldman* doctrine, the federal court was barred from exercising subject matter jurisdiction over the action. Alternatively, the federal court ordered the action dismissed without leave to amend based on claim preclusion and because it was time-barred.

On July 7, 2020, Shack submitted in the United States Supreme Court, a petition for a writ of certiorari, seeking appeal of the April 29, 2020, federal district court decision. On July 15, 2020, the United States Supreme Court returned Shack's papers, noting that Shack must first seek review of the federal district court decision by a United States Court of Appeals or by the highest California state court that could be had.

On August 13, 2020, Shack erroneously filed in state court a notice of appeal of the April 29, 2020, federal district court decision. When he realized the notice of appeal was improper because it was filed in the wrong court, on September 2, 2020, Shack filed in the state superior court a notice of abandonment of the appeal of the federal court's April 29, 2020 ruling. The trial court deemed the notice of abandonment a dismissal of the appeal.

8

Meanwhile, on August 31, 2020, Shack filed in the United States Court of Appeals, Ninth Circuit, an appeal of the April 29, 2020, federal district court order of dismissal. The federal appellate court dismissed the appeal on September 17, 2020, for lack of jurisdiction, because it was not timely filed.

On March 8, 2021, Shack filed in the United States Supreme Court another petition for a writ of certiorari, seeking review of the April 29, 2020, federal district court decision. On June 1, 2021, the United States Supreme Court denied Shack's petition for a writ of certiorari, and two months later also denied his petition for rehearing.

D. *Second Motion to Vacate Filed in State Court*

On July 14, 2021, NBC filed an application for renewal of the August 2, 2011 judgment of dismissal. NBC's judgment renewal application was for a total judgment of $24,425.50 against Shack, plus $24,104.07 in accrued interest and a $45 renewal fee.

On July 27, 2021, Shack filed a motion entitled "Motion for Order to Show Cause Re: (Vacate Judgment/Order) on 2nd Amended Complaint" (second motion to vacate). Shack requested the court to vacate the 2009 order granting NBC's anti-SLAPP motion to strike, the judgment of dismissal, and the award of attorney fees. In response, NBC served Shack with a meet and confer letter stating that Shack's motion to vacate was untimely and frivolous. NBC demanded Shack withdraw his motion within 21 days. Otherwise, NBC would oppose the motion and request $2,400 in sanctions under section 128.7.

The record on appeal indicates that Shack may not have notified NBC that he filed on September 13, 2021, a request to withdraw his motion to vacate, because on September 20, 2021, NBC filed a motion for $2,400 in sanctions against Shack. On October 1, 2021, the trial court deemed moot Shack's motion to vacate on the ground Shack withdrew the motion on September 13, 2021. However, on October 4, 2021, Shack filed a motion for reinstatement of his motion to vacate judgment.

On November 30, 2021, the court heard Shack's motion to vacate the judgment. The trial court warned Shack that if he proceeded with his motion to vacate, the court would reinstate NBC's motion for sanctions and Shack would risk being sanctioned for bringing a frivolous motion. Shack told the court he wanted to proceed with his motion to vacate. The court continued the motion to vacate and reinstated NBC's motion for sanctions.

On February 7, 2022, the trial court heard Shack's motion to vacate and denied the motion. The court also granted NBC's motion for $2,400 in sanctions against Shack for bringing the frivolous motion to vacate. The court noted the motion to vacate was duplicative of Shack's previously filed motion to vacate and Shack had provided no facts supporting setting aside the previous order and judgment of dismissal.

On February 24, 2022, Shack filed a notice of appeal.

III.

## 2021 MOTION TO VACATE JUDGMENT OF DISMISSAL

Shack asserts that he "has been fighting for all along the right to have his case heard, on the merits, by a court of competent jurisdiction." The record shows that he has succeeded in achieving this objective. The state trial court and this court properly heard Shack's case on the merits and rejected his objections.

Shack nevertheless in this appeal contends the trial court had jurisdiction to hear his 2021 motion to vacate the judgment of dismissal, even though his motion was filed 12 years after the 2009 order granting NBC's anti-SLAPP motion, and 10 years after entry of the 2011 final judgment of dismissal. He argues there are no time restrictions for bringing his 2021 motion to vacate. We disagree. The time to bring his motion to vacate expired long before Shack filed his 2015 and 2021 motions to vacate.

Shack argues this court has authority under sections 663, 473, subdivision (d), 473.5, and Federal Rules of Civil Procedure, Rule 60(b),[7] to set aside the trial court's orders on February 7, 2022, denying his 2021 motion to vacate and imposing $2,400 in sanctions. Shack is not entitled to relief under any of these provisions.

A. *Section 663 Relief*

Shack's 2021 motion to vacate was untimely under section 663a, and therefore the trial court had no jurisdiction to vacate the 2011 judgment of dismissal under section 663. Section 663 provides in relevant part: "A judgment or decree, when based upon a

---

[7] All undesignated rule references are to the Federal Rules of Civil Procedure.

11

decision by the court, . . . may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment:  [¶]  1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts . . . ."

The version of section 663a in effect when the trial court entered the 2011 judgment of dismissal provides in relevant part:  "The party intending to make the motion [to vacate judgment] must file with the clerk and serve upon the adverse party a notice of his intention, designating the grounds upon which the motion will be made, and specifying the particulars in which the legal basis for the decision is not consistent with or supported by the facts . . . either  [¶]  1. Before the entry of judgment; or  [¶]  2. Within *15 days of the date of mailing of notice of entry of judgment* by the clerk of the court . . . or service upon him by any party of written notice of entry of judgment, or *within 180 days after the entry of judgment*, whichever is earliest."[8]  (Italics added.)

Under section 663a, Shack was thus required to file, at the latest, his 2015 and 2021 motions to vacate before entry of judgment or within 15 days from the date of NBC or the court clerk serving Shack with notice of entry of judgment.  A judgment of dismissal was entered on August 17, 2009, and then a second final judgment of dismissal was entered on August 2, 2011.  NBC filed and served Shack with a notice of entry of the

---

[8]  The version of section 663a quoted in NBC's respondent's brief is inapplicable because it went into effect in 2013, after entry of the August 2, 2011 judgment Shack seeks to vacate.

2009 judgment of dismissal in August 2009. After the California Supreme Court denied Shack's petition for review, the trial court entered the August 2, 2011 judgment of dismissal and award of attorney's fees. There was no service of a notice of entry of the 2011 judgment on Shack. Therefore, at the latest, Shack was required to file his motion to vacate within 180 days of the August 2, 2011 judgment of dismissal (by February 2012). Shack's 2015 and 2021 motions to vacate were therefore not timely filed under section 663a.

B. *Relief Under Sections 473 and 473.5*

Shack contends his 2021 motion to vacate is not time-barred and should have been granted under sections 473 and 473.5. We disagree. The trial court did not have authority under either statute to vacate the 2009 order granting NBC's anti-SLAPP motion to strike or the 2009 and 2011 judgments of dismissal and award of attorney's fees.

First, Shack's 2021 motion to vacate was not timely filed under section 473, subdivision (b). Section 473, subdivision (b) provides in relevant part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. *Application for this relief . . . shall be made within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken. . . .*" (Italics added.) Shack did not file his 2021 motion to vacate, or even the 2015 motion to vacate, within the maximum

13

six-month limitation period. Therefore the trial court did not have jurisdiction to grant Shack's 2021 motion to vacate under section 473, subdivision (b), and properly denied it.

Second, although we need not discuss the substantive grounds for denying Shack's motion to vacate under section 473, subdivision (b), because the motion was properly denied as untimely, the record on appeal shows that Shack failed to demonstrate the 2009 and 2011 judgments of dismissal were taken against him "through his . . . mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) Shack argues he was in propria persona and thought that NBC's anti-SLAPP motion had been stayed or taken off calendar during the 30-day period he was granted leave to amend the FAC. As a consequence, he did not oppose NBC's anti-SLAPP motion.

The record on appeal does not support this proposition. Rather, the record demonstrates there was no such "mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).) As to Shack being in propria persona, "as a general principle, a self-represented litigant who is not indigent 'must expect and receive the same treatment as if represented by an attorney—no different, no better, no worse.'" (*Nuño v. California State University, Bakersfield* (2020) 47 Cal.App.5th 799, 811.) Applying this principle here, the fact that Shack was representing himself does not excuse any legal deficiency or error in his response to NBC's anti-SLAPP motion to strike.

Furthermore, Shack's asserted "mistake, inadvertence, surprise, or excusable neglect" is not supported by the record and is actually false. Shack argues that, as a result of "mistake, inadvertence, surprise, or excusable neglect," he thought he did not need to respond to NBC's anti-SLAPP motion to strike because it was premature and improperly filed during the 30-day period the trial court granted him leave to amend his FAC. But the record shows that there is absolutely no factual basis for this contention.

On April 21, 2009, the trial court sustained NBC's demurrer to the FAC, with 30 days leave to amend. On April 27, 2009, the trial court granted Beard's anti-SLAPP motion to strike the FAC and dismissed him from the action. On May 21, 2009, Shack filed and served his SAC against the remaining parties, which included NBC, Samsung, IMG, Bighorn and LPGA. On June 19, 2009, NBC filed an anti-SLAPP motion to strike the SAC. Contrary to Shack's contention, NBC's motion to strike was not filed within the 30-day period the trial court granted Shack leave to amend the FAC as to NBC. Shack had already filed his SAC. Therefore NBC's motion to strike was not premature or improperly filed within any 30-day period to amend the FAC against NBC.

Shack also argues that because of his excusable neglect and mistake in believing he did not have to respond to NBC's motion to strike, he did not have an opportunity to oppose NBC's motion to strike. But the record demonstrates this argument is also false, primarily because Shack, in fact, filed opposition to NBC's anti-SLAPP motion to strike on July 13, 2009, and appeared at the hearing on the motion.

15

Third, even assuming there is no time bar for bringing a motion to vacate under subdivision (d) of section 473, Shack is not entitled to relief under subdivision (d). Subdivision (d) states: "The court may, upon motion of the injured party, or its own motion, correct clerical mistakes in its judgment or orders as entered, so as to conform to the judgment or order directed, and may, on motion of either party after notice to the other party, set aside any void judgment or order." (§ 433, subd. (d).)

The record on appeal shows that Shack was not asserting any clerical mistakes in the judgments or orders he seeks to vacate under subdivision (d) of section 473. Shack argues the trial court order granting NBC's anti-SLAPP motion to strike, the judgment of dismissal, and this court's affirmance were erroneous, not because of a clerical mistake, but as a matter of law, and also, alternatively, as a result of Shack's own mistake and excusable negligence in not opposing NBC's anti-SLAPP motion to strike. Shack has not established any clerical mistake justifying setting aside the judgment of dismissal and related orders.

Shack argues the trial court could have also granted his 2021 motion to vacate under section 473.5 on the grounds he failed to oppose NBC's ant-SLAPP motion to strike because of the same mistake, inadvertence, and excusable neglect discussed above under section 473. But as discussed above, the record does not support this contention. Furthermore, section 473.5 is inapplicable. It concerns the entry of default and default judgment, which did not occur in this action. There was no entry of default or default judgment. The court dismissed Shack's SAC and entered a judgment of dismissal after

16

granting NBC's anti-SLAPP motion to strike. Also, even if Shack's motion to vacate was brought under section 473.5, the motion was untimely. (§ 473.5, subd. (a) ["The notice of motion shall be served and filed within a reasonable time, but in no event exceeding the earlier of: (i) *two years after entry of a default judgment* against him or her; or (ii) *180 days after service* on him or her *of a written notice that the default or default judgment* has been entered.].)" (Italics added.)

D. *Relief Under Rule 60(b)*

Shack also argues that under Rule 60(b)(1) the trial court should have granted his motion to vacate the judgment of dismissal based on "inadvertence and excusable neglect." "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances . . . ." (*Gonzalez v. Crosby* (2005) 545 U.S. 524, 528.) Rule 60(b) states in relevant part: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [¶] (1) mistake, inadvertence, surprise, or excusable neglect." Rule 60(c)(1) requires that "[a] motion under Rule 60(b) must be made within a reasonable time--and for reason[] (1) . . . *no more than a year* after the entry of the judgment or order or the date of the proceeding." (Rule 60(c)(1); italics added.)

17

Rule 60(b)(1) is inapplicable because it is a federal rule of civil procedure and the instant case is a state court proceeding. Also, the motion to vacate was not brought within one year of the trial court's order granting NBC's anti-SLAPP motion to strike or the judgment of dismissal. In addition, as discussed above, Shack has not demonstrated the judgment of dismissal was because of his own "mistake, inadvertence, surprise, or excusable neglect." (Rule 60(b)(1).)

Shack further argues he is entitled to relief from the judgment of dismissal based on Rule 60(b)(6), which states relief may be granted based on "any other reason that justifies relief." Rule 60(c) does not require that a motion based on Rule 60(b)(6) be brought within one year. The motion only "must be made within a reasonable time." (Rule 60(c); see also *Feliz v. County of Orange* (2023) 91 Cal.App.5th 927, 936-938.)

"Rule 60(b)(6) . . . permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5). [Citations.]" (*Gonzalez v. Crosby*, *supra*, 545 U.S. at pp. 528-529.) "A movant seeking relief under this rule must show '"extraordinary circumstances" justifying the reopening of a final judgment.' (*Id*. at p. 535; accord, *Servants of Paraclete v. Does* (10th Cir. 2000) 204 F.3d 1005, 1009 [[R]ule 60(b) relief is '""extraordinary and may only be granted in exceptional circumstances""'].)" (*Feliz v. County of Orange*, *supra*, 91 Cal.App.5th at p. 935.)

18

As already stated above regarding Rule 60(b)(1), Rule 60(b)(6) is inapplicable because it is a federal rule of civil procedure that is inapplicable to the instant case, which is a state court proceeding. Also, Shack has not brought any motion under Rule 60(b) seeking relief from the judgment of dismissal or any other order or proceeding, and it is too late to do so at this time, 14 years after the July 27, 2009, order granting NBC's anti-SLAPP motion and 12 years after the final 2011 judgment of dismissal.

Furthermore, the multiple rulings in this case by numerous courts rejecting Shack's attempts to vacate the anti-SLAPP order and judgment of dismissal, reflect the universal determination that there is no valid, legal "reason that justifies relief" under Rule 60(b)(6). Shack has not shown "'extraordinary circumstances" justifying the reopening of a final judgment'" under Rule 60(b)(6). (*Feliz v. County of Orange*, *supra*, 91 Cal.App.5th at p. 935.)

IV.

SANCTIONS

Shack contends the trial court erred in finding his 2021 motion to vacate frivolous and imposing sanctions against him. He argues that the motion to vacate was not frivolous because he has righteously persisted in litigating this matter for over 14 years in an attempt to obtain redress for being assaulted and battered. Shack asserts that the anti-SLAPP statute was inappropriately used to undermine his constitutional rights to freedom of speech and petition for redress of his grievances. He further complains that NBC wrongfully sent him letters threatening to declare him a vexatious litigant and request

19

sanctions. Shack also asserts that the trial court erred in granting $2,400 in sanctions against him because his motion to vacate and other related litigation did not constitute a longstanding pattern of harassment and was not frivolous. Shack therefore requests this court to reverse the trial court's order denying his motion to vacate the judgment of dismissal and order granting NBC's motion for sanctions.

A. *Appealability*

NBC argues Shack's appeal of the $2,400 sanctions order is not appealable under section 904.1. Therefore Shack's appeal of the sanctions order should be dismissed. We disagree.

Section 904.1, subdivision (a) provides in relevant part: "An appeal . . . may be taken from any of the following: [¶] (1) From a judgment, except an interlocutory judgment, other than as provided in paragraphs (8), (9), and (11) . . . [¶] (2) From an order made after a judgment made appealable by paragraph (1). [¶] . . . (11) From an interlocutory judgment directing payment of monetary sanctions by a party or an attorney for a party if the amount *exceeds five thousand dollars ($5,000).* [¶] (12) From *an order directing payment of monetary sanctions* by a party or an attorney for a party *if the amount exceeds five thousand dollars ($5,000)* . . . [¶] (b) Sanction orders or judgments *of five thousand dollars* ($5,000) or less against a party or an attorney for a party *may be reviewed on an appeal* by that party *after entry of final judgment in the main action*, or, at the discretion of the court of appeal, may be reviewed upon petition for an extraordinary writ." (Italics added.)

Section 904.1 provides only for an immediate appeal of orders imposing monetary sanctions over $5,000 (§ 904.1, subds. (a)(11), (12)), and provides for review of an order imposing sanctions of lesser amounts on appeal from the final judgment.  (§ 904.1, subd (b).)  A postjudgment order granting a motion for sanctions is also appealable pursuant to section 904.1, subdivision (a)(2).

The $2,400 sanction award against Shack is below the statutory $5,000 "bright line" minimum (§ 904.1).  Shack acknowledges the $5,000 threshold minimum for appealing sanctions but argues that he has met the threshold amount by "aggregating" separate sanction awards and fines imposed throughout the proceedings.  Those sanctions and fines, Shack asserts, total $50,974 ($48,574 + $2,400).  The additional $48,574 consists of the amount of NBC's total judgment against Shack ($24,425.50) for attorney's fees awarded NBC under section 425.16, subdivision (c), as the prevailing defendant), plus accrued interest at the time of NBC's 2021 judgment renewal request ($24,104.07), plus a $45 filing fee for NBC's renewal application.

Even assuming the $48,574 consists entirely of fees and sanctions, it is improper to aggregate it with the $2,400 sanction because the $48,574 amount is based on different conduct than the $2,400 sanction award.  (*Champion/L.B.S. Associates Development Co. v. E-Z Serve Petroleum Marketing, Inc.* (1993) 15 Cal.App.4th 56, 60.)  The $2,400 sanction award is a result of Shack filing a frivolous motion to vacate, whereas the $48,574 amount is the judgment award, plus interest and a judgment renewal application filing fee.  The $5,000 statutory bright line threshold amount has not been met.

21

Nevertheless, this court has jurisdiction under section 904.1, subdivision (a)(2), to hear Shack's postjudgment sanctions appeal, brought after entry of the final 2011 judgment of dismissal. The sanctions order is not preliminary to a later proceeding, nor is it reviewable on appeal from a subsequent judgment. It therefore is appealable pursuant to section 904.1, subdivision (a)(2) as an order after judgment. (*Shelton v. Rancho Mortgage & Investment Corp.* (2002) 94 Cal.App.4th 1337; see also *In re Marriage of Dupre* (2005) 127 Cal.App.4th 1517, 1524-1525.)

B. *Frivolous Motion to Vacate*

We conclude Shack's appeal of the sanctions award has no merit. The sanctions were proper because Shack's motion to vacate was frivolous. Before ruling on the motion, the trial court gave Shack ample opportunity to avoid sanctions. The trial court repeatedly warned Shack that sanctions likely would be imposed if he proceeded with his frivolous motion to vacate. The court even continued the motion to allow him to reconsider proceeding with the motion.

While Shack may be sincere in his efforts to obtain just redress for allegedly suffering battery by Beard, the trial court reasonably found that Shack's most recent 2021 motion to vacate was frivolous as untimely and legally groundless for the reasons stated above in section III. Shack has failed to argue any valid legal basis for vacating the 2011 judgment of dismissal. The grounds Shack raised in his most recent 2021 motion to vacate either were previously raised and decided or could have been raised before in Shack's other numerous attempts to vacate the judgment of dismissal. This court in 2011,

22

affirmed on the merits the trial court order granting NBC's anti-SLAPP motion to strike and award of attorney's fees. (*Shack v. NBC Universal, Inc.*, *supra*, E049374.)

We concluded in our decision in Shack's first appeal that, "[i]n contrast to Beard's alleged battery, defendants' reports to police or tournament security personnel that Shack threatened Beard *are* protected activities. [Citations.]" (*Shack v. NBC Universal, Inc.*, *supra*, E049374.) We further concluded Shack failed to demonstrate a reasonable probability of prevailing because to the extent Shack's claims were based on defendants' reports to police and tournament security personnel that Shack threatened Beard, the claims "are barred by the absolute litigation privilege of Civil Code section 47, subdivision (b), even if made in bad faith. (*Hagberg v. California Federal Bank* (2004) 32 Cal.4th 350, 360-370 [reports to police or other government agencies for investigation into allegations of wrongdoing are absolutely privileged under Civil Code section 47, subdivision (b), unless the plaintiff establishes tort of malicious prosecution].)" (*Shack v. NBC Universal, Inc.*, *supra*, E049374.)

Shack's numerous filings in federal and state courts, in an attempt to overturn the dismissal of his action against NBC, were repeatedly unsuccessful. The California Supreme Court denied Shack's petition for review of the judgment of dismissal; the State trial court denied Shack's 2015 motion to vacate the order granting NBC'S anti-SLAPP motion to strike and judgment of dismissal; the federal district court rejected Shack's attempts to circumvent the trial court's judgment of dismissal and this court's affirmance, concluding Shack's federal action was an untimely filed, de facto appeal of this court's

23

decision affirming the judgment of dismissal; the ninth circuit court of appeals dismissed Shack's appeal of the federal district court decision; and United States Supreme Court denied Shack's petition for writ of certiorari.

Despite these unsuccessful attempts, during which the state trial court, this court, and the federal district court provided Shack with well-reasoned decisions explaining why his contentions were meritless, Shack filed in the trial court the 2021 motion to vacate. Shack attempted to raise new arguments, which were derived from the same underlying facts and circumstances leading to entry of the judgment of dismissal and the postjudgment rulings rejecting Shack's challenges to the judgment. When hearing Shack's 2021 motion to vacate, the trial judge and opposing counsel clearly cautioned Shack that if he proceeded with his motion to vacate, he risked being sanctioned for bringing a frivolous motion. Shack nevertheless proceeded with his untimely and legally meritless motion. Under these circumstances, we conclude the trial court reasonably found that Shack's 2021 motion to vacate was frivolous and therefore appropriately imposed sanctions against Shack.

V.

DISPOSITION

The trial court's postjudgment orders denying Shack's 2021 motion to vacate the judgment of dismissal as to NBC and granting NBC's motion for $2,400 in sanctions is affirmed.

24

NBC and Samsung are awarded their costs on appeal.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


CODRINGTON\
Acting P. J.

We concur:


FIELDS\
J.


MENETREZ\
J.